(No. 80-CC-2006–)

THELMA LONG, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1982.*

*Amended opinion filed June 25, 1982.*

*Amended opinion filed February 9, 1983*

THELMA LONG, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim for subsidized adoption payments allegedly due Claimant for two children who had been under the care of the Department of Children and Family Services prior to their adoption. These services were provided in accordance with a written agreement for subsidized adoption whereby the Claimant was to receive $169.00 a month for each child. There is no question that satisfactory performance of the services has been completed and verified by the Department. Claimant has alleged in her complaint that she made demand for payment but was refused on grounds that the funds appropriated for such payments have lapsed.

Respondent moved for dismissal on the grounds that, although $10,993.33 remained uncommitted in the fund at the close of the fiscal year, the balance has been depleted by previous claims against it and that there was no money available to transfer into it. In support of its motion, Respondent submitted the report of the Department which is *prima facie* evidence of the facts contained therein pursuant to Rule 14 of the Rules of the Court of Claims. It remains unrebutted and the time for filing objections to the motion to dismiss has passed. The departmental report wholly substantiates the position taken by Respondent.

According to the 1970 Constitution of the State of Illinois only the legislature may appropriate State funds. For us to make an award in this case would be in violation of the Constitution inasmuch as it would constitute granting the Department of Children and Family Services funds to pay obligations above and beyond those appropriated by the legislature. Furthermore, this obligation is in violation of "An Act in relation to State finance" (Ill. Rev. Stat. 1979, ch. 127, par. 166), which prohibits obligating the State to any indebtedness in excess of the money appropriated. Therefore, this claim is denied.

It should be noted, however, that the departmental report states that, although the lapsed balance in the account was insufficient to cover this claim, there were sufficient balances in the same section in other lines for payments for care of children and, had they been able to precisely forecast the need for this type of care in time to have a transfer bill presented to the General Assembly, they could have requested a sufficient transfer. We cannot speculate on this matter of legislative discretion and are bound by law to deny this claim regardless of equitable considerations.

## AMENDED OPINION

Roe, C.J.

This cause is before the Court on our own motion to amend our opinion filed April 8, 1982, wherein we denied this claim on the grounds that an insufficient amount of funds lapsed from which this claim would have been paid. Our opinion was based upon a misinterpretation of the departmental report.

The departmental report states in response to question No. 8 as follows:

"The lapsed balance in this account (referring to the account out of which payment could have been made) was insufficient to cover this claim;

however, there were sufficient lapsed balances in this same section in other lines for payments for care of children and had we been able to precisely forecast the need for this type of care in time to have a transfer bill passed by the General Assembly, we could have requested a sufficient transfer from the $321,080.88 that lapsed in the account entitled 'For Purchase of Foster Care Services' (001-41817-4400-02-00) in this same section. A total of $25,000.00 could have been transferred for this purpose."

Since *Butterfield v. State* (1961), 24 Ill. Ct. Cl. 85, and the enactment of Section 13.2 of "An Act in relation to State finance" (Ill. Rev. Stat., ch. 127, par. 149.2) (the 2% transferability statute), we have held that where there were sufficient funds in another account which were transferable to the account with an insufficient balance, an award could be made even though the funds were not transferred prior to the close of the fiscal year.

Therefore, it is hereby ordered that our opinion of April 8, 1982, be, and hereby is, vacated and Respondent's motion to dismiss is hereby denied.

## AMENDED OPINION

ROE, C.J.

This is a claim for monthly payments allegedly due Claimant, Thelma Long, under a subsidized adoption agreement with the Department of Children and Family Services. Through administrative error, Claimant received no payments from the Department for March, April, May and June, 1979. By the time the oversight was discovered, the fiscal year had ended and the Department was no longer able to make these payments.

The Respondent filed a motion to dismiss on the grounds that there was no money remaining in the designated appropriation line item out of which the Department would have paid this claim. We denied that motion, citing *Butterfield v. State* (1961), 24 Ill. Ct. Cl. 85, and section 13.2 of "An Act in relation to State finance" (Ill. Rev. Stat. 1981, ch. 127, par. 149.2) as authority for the Court to make an award in cases where there are no

funds remaining in the designated appropriation line item. We did not, however, actually make the award to Thelma Long.

The amended opinion denying the Respondent's motion to dismiss stated that where there were funds which were transferable into the account with the insufficient balance, an award could be made even though the Department had not made the transfer before the end of the fiscal year. However, it is now clear to us that the Department of Children and Family Services did not have the authority to transfer funds into the account involved in this matter, even before the fiscal year ended. This account, Adoption Services, fund No. 001-41817-4400-05-00, is a grant line which has been specifically exempted by the General Assembly from the transfer provision of "An Act in relation to State finance" (Ill. Rev. Stat. 1981, ch. 127, par. 149.2). The Department may not transfer money into or out of this appropriation.

We also cited *Butterfield v. State* (1961), 24 Ill. Ct. Cl. 85, to support its ruling that an award could be made in this case. In *Butterfield,* the Court awarded fees to an attorney retained by the State Treasurer, even though there were no funds remaining in the State Treasurer's appropriation. The Court specifically found that the Treasurer was authorized by law to hire an attorney and pay that attorney's fees. That ruling puts *Butterfield* into the category of claims exempted by section 30 of "An Act in relation to State finance" (Ill. Rev. Stat. 1981, ch. 127, par. 166) from the prohibition against incurring indebtedness in excess of the money appropriated. Therefore, *Butterfield* is not authority for granting an award to Thelma Long because the Court has made no finding that the debt to Thelma Long was expressly authorized by law.

During the fiscal year, the Department of Children

and Family Services may ask the General Assembly to make a transfer of currently appropriated funds from one grant line to another. The Department has indicated it would have made such a request so that this obligation could have been paid, had the Department realized before the fiscal year ended that the adoption services account would be insufficient to meet all outstanding obligations. Since the General Assembly is usually not in session from the close of the fiscal year until the end of the grace time of the lapse period, a request to transfer after the close of the fiscal year would be useless. Why the Department was unable to forecast an obligation it had begun to incur as early as March before the legislature had adjourned at the end of June does not appear in the record. We do note, however, that the fund from which the Department suggested the money could have been transferred is the same fund from which they would have transferred moneys (again contingent upon legislative approval) to cover the obligations in Affiliated Midwest Hospital, Inc., d/b/a Riveredge Hospital, claims Nos. 81-CC-2241 and 81-CC-2242.

According to the 1970 Constitution of the State of Illinois only the legislature may appropriate State funds. For us to make an award in this case would be in violation of the Constitution inasmuch as it would constitute granting the Department of Children and Family Services funds to pay obligations above and beyond those appropriated by the legislature. Furthermore, this obligation is in violation of section 30 of "An Act in relation to State finance," (Ill. Rev. Stat. 1979, ch. 127, par. 166), which prohibits obligating the State to any indebtedness in excess of the money appropriated. Whether or not the legislature would have transferred the funds, we would not have been authorized to do so then and cannot order it done now. It was a matter of legislative discretion, the exercise of which we cannot speculate. We are con-

strained by law to deny this claim regardless of the equities. However, the legislature is not under such constraint and does have authority to appropriate funds to pay this claim. Because we are not cognizant of all the considerations taken into account by the legislature in deciding whether or not to allow funds transfers we cannot make a recommendation. For purposes of possible consideration of this matter by the legislature though, we do find that the Claimant did in fact fully and satisfactorily render the services for which the claim was and that she was not paid through no fault of her own.

Claim denied.