(No. 81-CC-0541—)

RIDGEWAY HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 19, 1984.*

JERRY GOLDBERG, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause comes on to be heard on the motion by the Respondent to dismiss and the response thereto filed by the Claimant, due notice having been given, and the Court being advised:

This is a claim for in-patient psychiatric hospitalization services rendered to one Laura Forbes, a mentally handicapped minor who was adopted by Mr. and Mrs. Forbes pursuant to a subsidized adoption agreement with the Department of Children and Family Services wherein said Department agreed to pay for the services which are the subject matter of this claim. The Claimant originally sought the sum of $20,330.70 but later conceded that its recovery would be limited to the reduced amount of $17,582.00 in accordance with the appropriate index established by the Department of Public Aid.

The record is clear that Laura Forbes was adopted on December 24, 1974, at which time a subsidy agreement was executed between the Department and Laura's

adoptive parents which provided that the Department would pay $127.00 per month or as much as was needed for therapy for Laura and that the subsidy agreement was in effect during the period of Laura's hospitalization at the Claimant hospital. The Department acknowledges that the hospital was properly authorized, that the services rendered were satisfactory and that the sum of $17,582.00 is due and owing the Claimant. However, the line item appropriations out of which this claim should have been paid, fiscal years 1978 and 1979 Adoption Services 001-41817-4400-05-00, were insufficient to cover the amounts being claimed and previous claims have totally exhausted the balances remaining. Although other funds were available for transfer, the Department was required to obtain authorization by the General Assembly to transfer those other funds but did not do so.

Despite the Department's concession that the instant claim is valid and should be paid, payment of this claim by either the Department or this Court would violate the express provisions of Section 30 of the Finance Act (Ill. Rev. Stat. 1983, ch. 127, par. 166), which prohibits a State agency from contracting in an amount in excess of its appropriations. Our recent opinion in *Long v. State* (1983), 35 Ill. Ct. Cl. 748, is dispositive of the issues here. Accordingly, we are constrained to deny this claim.

Claim denied.